UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

ESTATE OF POPOLIZIO,

      Plaintiff,

v.

FORD MOTOR CO., et al.,

      Defendants.

Civil Action No: 09-1532 (ES)

**OPINION**

**SALAS, DISTRICT JUDGE**

Pending before this Court is a product liability action brought by the executor of a decedent's estate. Defendants Ford Motor Co. ("Ford") and Setina Manufacturing Co., Inc. ("Setina") (collectively "Defendants") now move for summary judgment on Plaintiff's Second Amended Complaint. (D.E. Nos. 102, 104). Defendants contend that because Plaintiff is precluded from producing essential expert testimony in this product liability action, Plaintiff cannot sustain such an action as a matter of law. (*Id.*). The instant motion is unopposed. The Court has considered the parties' submissions and decides the motion without oral argument pursuant to Fed. R. Civ. P. 78(b). Based on the reasons that follow, Defendants' motion for summary judgment is GRANTED.

**I.   PROCEDURAL HISTORY**

On February 24, 2009, Plaintiff commenced this action in the Superior Court of New Jersey, Essex County. (Def. 56.1 Statement ¶ 1). On April 2, 2009, Defendant Ford Motor Co.

filed a Notice of Removal to this District. (*Id.* ¶ 2). In the original Complaint, only Ford Motor Co. was named as Defendant. (*Id.* ¶ 3). In a subsequent Second Amended Complaint, Plaintiff also named Setina Manufacturing Co., Inc. as a Defendant. (*Id.* ¶ 4). After filing the Second Amended Complaint in this Court, Plaintiff was uncooperative with discovery demands made by Defendants and orders issued by the Court.[1] Because of this behavior, Judge Michael A. Shipp, U.S.M.J., issued an order that precluded the deposition of Plaintiff's experts, Peter J. Leiss and Eric Heiberg, if they were not produced by a date certain. (D.E. No. 67). Plaintiff failed to produce said experts by date certain, and as such, is barred. Both Ford and Setina now move for summary judgment because Plaintiff cannot proceed with this product liability action without expert testimony.

## II. FACTUAL BACKGROUND

Plaintiff alleges that Tommaso Popolizio, while on duty as a Newark Police Officer, was involved in a motor vehicle stop on March 3, 2007. (Def. 56.1 Statement ¶ 5). The occupant of the stopped vehicle was eventually arrested and placed in the back seat of a police vehicle. (*Id.* ¶ 6). While in the back seat, the arrestee was able to "maneuver through the partition window in the marked police vehicle, [take] control of the vehicle and [flee] the scene." (*Id.* ¶ 7). Thereafter, Mr. Popolizio chased the stolen police vehicle in his Ford vehicle until there was "contact between the two vehicles [which] caused Popolizio's [Ford] vehicle to roll over resulting in his death." (*Id.* ¶ 8).

---

[1] Defendants originally filed motions for summary judgment on July 14, 2011 and July 19, 2011 (D.E. Nos. 69, 70). Pursuant to this Court's direction, Defendants withdrew their motions in February of 2012 when Defense counsel indicated the matter had settled. (D.E. No. 83). Settlement in the matter, however, required that the Court formally approve the settlement because the settling estate involved beneficiaries who were minors. A "settlement allocation and approval hearing" was scheduled for November 20, 2012. The Plaintiff failed to appear at the hearing and this Court ordered that the motions for summary judgment be re-filed.

2

**DISCUSSION**

**A. Legal Standard**

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. *Id.* at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings. *See Celotex,* 477 U.S. at 324. Further, the non-moving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment. *See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

**B. Analysis**

Plaintiff alleges that Ford negligently designed the Ford Explorer police vehicle and Setina negligently designed the partition installed in the police vehicle. (Plaintiff's Second Amended Complaint, ("Compl.") 2-7). Such design defect allegations are governed by the New Jersey Product Liability Act. The Act states:

> A manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it: [a] deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or [b] failed to contain adequate warnings or instructions, or [c] was designed in a defective manner.

N.J.S.A. § 2A:58C-2

In order to succeed under such a theory, as correctly pointed out by Defendant Setina, Plaintiff must prove "the partition, as designed for police vehicles, was not reasonably fit, suitable or safe for its intended purpose." (Brief In Support of Summary Judgment Filed on Behalf of Def., Setina Manufacturing Co. Inc. ("Setina Br.") 2). In order to determine whether the design was defective and not reasonably fit, New Jersey courts utilize a risk-utility analysis that considers seven factors:

> 1. The usefulness and desirability of the product-its utility to the user and to the public as a whole.
> 2. The safety aspects of the product-the likelihood that it will cause injury, and the probable seriousness of the injury.
> 3. The availability of a substitute product [that] would meet the need and not be as unsafe.
> 4. The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility.
> 5. The user's ability to avoid danger by the exercise of care in the use of the product.
> 6. The user's anticipated awareness of the dangers inherent in the product and their avoidability, because of general public knowledge of the obvious condition of the product or of the existence of suitable warnings or instructions.
> 7. The feasibility, on the part of the manufacturer, of spreading the loss by setting the price of the product or carrying liability insurance.

*Johansen v. Makita U.S.A., Inc.,* 128 N.J. 86, 96 (1992).

To weigh the above factors and ultimately prove the existence of a defect, plaintiff may rely on the testimony of an expert who has examined the product or offers an opinion on the product's design. *Scanlon v. General Motors Corp.,* 65 *N.J.* 582, 591 (1974). Plaintiff may also produce circumstantial evidence of a defect "such as proof of proper use, handling or operation of the product and the nature of the malfunction, [which] may be enough to satisfy the requirement that something is wrong with [the product]." *Lauder v. Teaneck Volunteer Ambulance Corps*, 368 N.J. Super. 320, 331 (App. Div. 2004). However, "where the issue concerns a product's design . . . expert opinion is the only available method to establish defectiveness, at least where the design is not patently defective." *Huddell v. Levin*, 537 F.2d 726, 736 (3d Cir. 1976). New Jersey state courts require expert testimony when the alleged defect involves a complex instrumentality. *Id.* (citing *Rocco v. N.J. Transit Rail Operations,* 330 *N.J.Super.* 320, 341 (App. Div. 2000)). Expert testimony "is necessary to assist the fact finder in understanding the mechanical intricacies of the instrumentality and in excluding other possible causes of the accident." *Id.* (citing *Jimenez v. GNOC Corp.*, 286 N.J. Super. 533, 546, (App. Div. 1996), *cert. denied*, 145 N.J. 374, 678 (1996)).

In *Rocco*, the Appellate Division affirmed the trial court's dismissal for failure to produce expert testimony where plaintiff injured his hand in a jammed railroad car door. 330 N.J. Super at 330. The court determined that the locking mechanism of the door was a complex instrumentality that required expert testimony. *Id.* at 341. Similarly, in *Sparrow v. La Cachet, Inc.*, 305 N.J. Super. 301 (App. Div. 1997), the Appellate Division affirmed dismissal for failure to produce expert testimony where plaintiff was burned by a facial machine, finding that the "mechanical intricacies and design criteria of the appliance required expert testimony in order to prove the existence of a design defect." 305 N.J. Super. at 304-05.

Here, the alleged design defects relate to a police vehicle and a partition used inside of police vehicles. Defendant Setina, who manufactures the partition at issue, argues that expert testimony is required to prove any alleged defect because the average juror "does not have knowledge of [such] specialized equipment[;] [n]or does the average juror understand or have knowledge of the use to which police cruisers are put and how these uses impact the interior space of the vehicle and, concomitantly, the design of the specialized components." (Setina Br. 4). Moreover, the average juror "would not understand the usefulness of a partition or the desirability of its various features . . . [or] safety aspects of the partition or the likelihood that it could cause injury"; nor could an average juror "understand the feasibility of alternate design in light of the needs of a police officer in the course of his work." (*Id.* at 5). Similarly, Defendant Ford asserts that Plaintiff cannot make a prima facie case of liability without expert testimony in a "complex product liability lawsuit involving vehicle design, vehicle dynamics and biomechanics." (D.E. No. 102, Cert. of Counsel James S. Dobis 2).

The Court agrees with Defendants. The vehicle and partition at issue involve a specially designed component used in a police vehicle; if such a component was defective, an expert must opine on such a defect by producing an expert report. Without such a report, an average juror would be unable to make the requisite determination of culpability. Because Plaintiff is barred from producing such a required report in this product liability action, Plaintiff cannot proceed, as a matter of law, against Defendants. As such, the Court GRANTS Defendants' motion for summary judgment.

## III. CONCLUSION

For the reasons mentioned above, the Court GRANTS Defendants' motion for summary judgment. An appropriate order shall accompany this opinion.

_s/Esther Salas_  
**Esther Salas, U.S.D.J.**